Filed 5/28/15  P. v. Thomas CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B257025 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA416667) |
| v. | |
| WILLIAM CURTIS THOMAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edmund Wilcox Clarke, Jr., Judge.  Affirmed.

Katharine Eileen Greenebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL BACKGROUND

Shelly Lawson lived at 838 West 40th Place in Los Angeles. Defendant William Curtis Thomas lived in the building next door to her. On September 23, 2013, in the evening, Lawson heard Thomas "ranting and raving and screaming obscenities" in the front yard of his building. Thomas broke a glass coffee maker and screamed, "I'm gonna kill you" and "I'm gonna get you." Thomas was lying down on the ground and was staring at Lawson on her porch. Thomas looked like he wanted to "draw blood." Thomas had a gasoline can of the type used to carry spare gasoline when a car ran out of gas. He said to Lawson, "You're gonna die tonight" and "I'm gonna kill you" and "I'm a Marine." Lawson felt threatened, and called the police. Her only previous contact with Thomas had been a confrontation over a parking stall.

Sonia Phillips lived in the same building as Thomas. On September 23, 2013, she was out in the back of the building. Thomas was holding a long bed rail (a piece of metal). Thomas said he was going to kill everybody in the building. Thomas had a red gas can in his hand and she believed he was going to throw gas on her. Thomas would not stop screaming, "I'm a Marine, I'm a Marine. I kill people, I'm a Marine."

The police and the bomb squad responded, but Thomas went inside his apartment and stacked chairs against the door. The police were able to arrest him around 2:00 a.m.

## PROCEDURAL HISTORY

In an information filed October 24, 2013, Thomas was charged with two counts of making criminal threats (Pen. Code, § 422, subd. (a))[1] against Phillips and Lawson, with the further allegation pursuant to section 1170, subdivision (h)(3) that the offenses were serious felonies, violent felonies, or felonies requiring registration pursuant to section 290, subdivision (c).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Thomas made two *Marsden*[2] motions, on January 8, 2014 and February 5, 2014. The court denied both motions.

On March 3, 2014, the prosecution stated for purposes of plea bargaining that count 1 would be reduced to a misdemeanor, Thomas would receive probation and would be released to a representative of the Veteran's Administration, and he would not be permitted to return to his former residence. The prosecution stated it would move to dismiss count 2 at the time of sentencing. Thomas pleaded no contest to count 1, misdemeanor criminal threats.

On April 3, 2014, Thomas appeared in court and asserted he misunderstood his plea because he believed he would be pleading to misdemeanor disturbing the peace, and requested to withdraw his plea. After noting that sentencing had been postponed, the court observed, "maybe this case should . . . proceed to . . . trial." Thomas indicated he wanted to be released on his own recognizance, but the court stated it would remand defendant and set bail. The court granted Thomas's motion to withdraw his plea.

On April 30, 2014, a representative of the Veteran's Administration informed the court the Veteran's Administration had housing available for Thomas. The prosecution stated the information would be amended to add two counts of violating section 415, subdivision (3), misdemeanor disturbing the peace. The offense had a maximum jail time of 90 days, and Thomas had already served at least that much time. The prosecution was concerned that Thomas receive anger management, and wanted Thomas to waive his backtime credits so he could be on summary probation for two years and receive anger management.

The prosecution amended the information to add counts 3 and 4, misdemeanor disturbing the peace. The court placed Thomas on summary probation and ordered that Thomas attend anger management. Thomas pleaded no contest, and the court suspended sentence and placed Thomas on two years' summary probation. The court dismissed counts 1 and 2.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

On June 13, 2014, Thomas appeared in court and stated he wanted to withdraw his plea. On Thomas's motion, the court relieved the public defender and Thomas proceeded in pro. per. The court denied Thomas's motion to withdraw his plea.

We appointed counsel to represent Thomas on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. On March 11, 2015, we advised Thomas he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, we have received no response. We have examined the entire record and are satisfied that Thomas's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


CHANEY, J.

4